# EXHIBIT B

17 Nat. Disability Law Rep. ¶ 262

Department of Justice

LETTER RE: ACCESS ABROAD

AMERICANS WITH DISABILITIES ACT (ADA); Public Accommodations, Commercial Facilities; Foreign Company May Not Be Subject To Title III

PUBLIC ACCOMMODATIONS; Transportation Services and Facilities

TRANSPORTATION; Buses

DISABILITY, SPECIFIC CONDITIONS; Mobility Impairments

Digest of Inquiry

[Date Not Provided]

- Does the ADA extend to extraterritorial coverage of public accommodations?

Digest of Response

(July 29, 1999)

Foreign Company May Not Be Subject To Title III

An individual with a mobility impairment asked whether a tour operator was in violation of the ADA when it contracted with a foreign company that does not use motor coaches that are equipped to transport wheelchairs. The DOJ responded that there is no express provision under Title III that extends the law to extraterritorial activities. While Congress enacted legislation broadening the ADA's coverage to protect extraterritorial employment, no comparable legislation has been enacted with respect to extraterritorial coverage of public accommodations and commercial facilities under Title III.

This letter responds to your inquiry on behalf of your constituent, [ ], who alleges that Grand European Tours (GET), a division of Forbes International, Inc., is violating title III of the Americans with Disabilities Act of 1990 (ADA).

[ ] claims that GET denied her request to bring a wheelchair for her sister on a tour of Ireland. In light of [ ] imminent departure, an investigator in the Department's Disability Rights Section

telephoned her and the company to obtain more facts and to attempt some type of resolution. It is our understanding that GET assisted [ ] in locating wheelchairs to rent at all hotels in Ireland. The European company with which GET contracts to provide on-site transportation, however, uses motorcoaches that are not equipped to transport wheelchairs.

Unfortunately, the practices of the European company may be beyond the reach of the ADA. It is a well-established principle of statutory construction that legislation enacted by Congress does not extend beyond the territorial jurisdiction of the United States unless there is evidence of clear legislative intent to the contrary. E.E.O.C. v. Arabian American Oil Co., 499 U.S. 244, 248 (1991); Foley Bros., Inc. v. Filardo, 336 U.S. 281, 285 (1949).

Title III of the ADA does not contain any express provisions extending the law to extraterritorial activities. Moreover, although title III of the ADA applies to public accommodations and commercial facilities whose operations "affect commerce" and the statute defines commerce, in part, as "travel, trade, traffic, commerce, transportation or communication . . .between any foreign country or any territory or possession and any State," such broad language, found in many laws, is not generally considered sufficient, by itself, to overcome the presumption against extraterritoriality. See E.E.O.C. v. Arabian American Oil Co., supra, 499 U.S. at 250-51; see also, sections 301(1), (2) and (7) of the ADA.

Furthermore, Congress, in passing the Civil Rights Act of 1991, amended sections 101(4) and 102 of the ADA, to broaden the ADA to protect extraterritorial employment. See sections 109(a) and (b) of the Civil Rights Act of 1991, Pub.L.No. 102-166, 105 Stat. 1071 (1991); E.E.O.C. v. Arabian American Oil Co., supra, 499 U.S. at 258-59. No comparable, explicit expression has been made with respect to extraterritorial coverage of public accommodations and commercial facilities under title III.

As a place of public accommodation, GET is prohibited from discriminating against people with disabilities either directly or through contractual arrangements with other entities, including transportation companies that it books. 42 U.S.C. § 12182(b)(1)(A)(i); 28 C.F.R. § 36.202(a). The Disability Rights Section has reminded GET of that obligation and urged it to contract with companies abroad that provide disability access. For the reasons stated above, however, the law may not provide jurisdiction for the provision of accessible services in foreign countries.

I hope this information is helpful to you in responding to your constituent. Please do not hesitate to contact the Department if we can be of assistance in other matters.

Bill Lann Lee

Acting Assistant

Attorney General

Civil Rights Division

17 NDLR ¶ 262

2

END OF DOCUMENT

Case: 1:17-cv-06310 Document #: 19-2 Filed: 11/20/17 Page 4 of 4 PageID #:116

3

END OF DOCUMENT