IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| PETER M. GALLIGAN,<br><br>  Plaintiff,<br><br>v.<br><br>ADTALEM GLOBAL EDUCATION INC. f/k/a DEVRY EDUCATION GROUP; ADTALEM GLOBAL HEALTH, INC. f/k/a DEVRY MEDICAL INTERNATIONAL, INC.; ROSS UNIVERSITY SCHOOL OF MEDICINE SCHOOL OF VETERINARY MEDICINE (ST. KITTS) LIMITED; AND DOES 1 THROUGH 50,<br><br>  Defendants. | Case No. 1:17-cv-06310<br><br>Hon. Joan H. Lefkow |

### DEFENDANT'S BRIEF REGARDING JURISDICTION

Pursuant to the Court's February 5, 2020 ordering simultaneous briefs regarding jurisdiction (ECF No. 82), Defendant Ross University School of Medicine School of Veterinary Medicine (St. Kitts) Limited ("Ross" or "Defendant")[1] respectfully submits this brief (1) requesting dismissal of the lawsuit on *forum non conveniens* grounds; and (2) opposing Plaintiff's request to transfer the lawsuit to the Northern District of Texas because Texas lacks personal jurisdiction over Ross.

### INTRODUCTION

Plaintiff Peter Galligan ("Plaintiff") filed this lawsuit against Ross -- a graduate-level veterinary school located on the Caribbean Island of St. Kitts and

---

[1] On January 15, 2020, the Court dismissed all other defendants from the lawsuit. (ECF No. 76.)

Nevis -- following his dismissal from the school for his failure to meet its academic requirements. After two rounds of motions to dismiss and four iterations of his complaint, the only claim that remains in this lawsuit is a narrow breach of contract claim based on the disability accommodation and anti-retaliation provisions found in Ross's Student Handbook. This claim is based entirely on alleged events that happened while he was attending school in St. Kitts.

Recognizing that the lawsuit involves only a breach of contract claim between citizens of Texas and St. Kitts and Nevis, the Court requested that the Parties discuss whether the Northern District of Illinois is an appropriate forum in which to proceed. (*See* ECF No. 76 at 15.) The Parties agree that the Northern District of Illinois is *not* an appropriate forum. But the agreement stops there.

Defendant contends that this lawsuit should be dismissed under the theory of *forum non conveniens* and the appropriate forum in which Plaintiff's claim should proceed is St. Kitts. Defendant's position is supported by Seventh Circuit precedent and case law within other jurisdictions. *See Zara v. Devry Educ. Grp., Inc.*, No. 16-CV-05156, 2017 WL 977002, at *4 (N.D. Ill. Mar. 14, 2017), aff'd, 706 F. App'x 328 (7th Cir. 2017) (dismissing case on *forum non conveniens* grounds and finding St. Kitts to be an adequate and available forum for series of claims against Ross and other defendants, including breach of contract); *Archut v. Ross University Sch. of Veterinary Med.*, No. 10-cv-1681, 2013 WL 5913675 (D.N.J. Oct. 31, 2013); aff'd, 580 Fed. Appx. 90 (3rd Cir. 2014) (dismissing breach of contract claim against Ross on *forum non conveniens* grounds).

2

Plaintiff argues that this case should be transferred to the Northern District of Texas because he now lives there. However, there is no jurisdictional basis for transferring the case to Texas. *See Frank v. P N K (Lake Charles) L.L.C.*, 947 F.3d 331, 337 (5th Cir. 2020) (noting that personal jurisdiction can be found where the conduct giving rise to the cause of action occurred in the chosen forum or where the defendant is "at home" in the chosen forum, but further noting that it is rare for a foreign defendant to be "at home" in the chosen forum). The Court should deny Plaintiff's request.

For the reasons discussed herein, the Court should dismiss this lawsuit on *forum non conveniens* grounds and find St. Kitts is an adequate and available forum in which this matter can proceed. The Court should also find that there is no jurisdictional basis to transfer this case to the Northern District of Texas. The Court should thus dismiss this lawsuit with prejudice to re-filing in any other United States court, but without prejudice to Plaintiff refiling his remaining breach of contract claim in St. Kitts.

## BACKGROUND[2]

### I. Factual Allegations

Defendant Ross is a Private Ordinary Company with limited liability organized under the laws of Saint Christopher and Nevis ("St. Kitts"). (Third Am. Compl. ¶ 9.) Ross's academic campus is located in St. Kitts. (*Id.*)

---

[2] For the purposes of this brief and Defendant's request to dismiss this case, Defendant assumes the truth of the facts alleged in the Third Amended Complaint.

3

Plaintiff allegedly suffered from test anxiety and claimed he needed accommodations, which include extended test time and use of a separate room on tests. (*Id.* ¶¶ 3, 33.) Plaintiff moved to St. Kitts and matriculated into Ross as a veterinary student in May 2013. (*Id.* ¶ 31.) When he got there, he allegedly notified a Ross psychologist about his test anxiety and asked for accommodations, which were allegedly not granted. (*Id.* ¶ 32.)

During his second semester, he failed three out of his four classes. (*Id.* ¶ 35.) He then left Ross in January 2014 and took what he calls a "therapeutic sabbatical" for the January to April 2014 semester. (*Id.* ¶¶ 36-37.) He returned to Ross in April 2014, on academic probation status, to continue his studies. (*Id.* ¶ 38.) Upon his return, he allegedly asked for accommodations again, but his request was allegedly denied. (*Id.* ¶ 39.) In May 2015, Plaintiff failed another class, in violation of his academic probation, and was dismissed from Ross. (*Id.* ¶¶ 51, 54.) He appealed his dismissal, which Ross denied. (*Id.* ¶¶ 55-57.)

Plaintiff alleges that Ross breached its Student Handbook's disability accommodation provision because he was not afforded reasonable accommodations despite allegedly presenting Ross with evidence supporting his disability. (*Id.* ¶ 78.) Plaintiff also alleges that Ross breached its Student Handbook's anti-retaliation provision because he was allegedly retaliated against in the form of being dismissed from Ross without a valid basis and being denied a proper appeal. (*Id.* ¶ 79.)

//

//

## ARGUMENT

I.    **Legal Standard**

     A.    *Forum Non Conveniens*

The common law doctrine of *forum non conveniens* "allows a federal district court to dismiss a suit over which it would normally have jurisdiction in order to best serve the convenience of the parties and the ends of justice." *See Stroitelstvo Bulgaria Ltd. v. Bulgarian-American Enterprise Fund*, 589 F.3d 417, 421 (7th Cir. 2009). "A district court may grant a motion to dismiss for *forum non conveniens* before it first determines its own subject matter jurisdiction over an action." *Fischer v. Magyar Allamvasutak Zrt.*, 777 F.3d 847, 866 (7th Cir. 2015).

A threshold requirement for *forum non conveniens* dismissal is the existence of an alternative forum that is both available and adequate. *Stroitelstvo Bulgaria Ltd.*, 589 F.3d at 421. An alternative forum is available if all of the parties are amenable to process and within the forum's jurisdiction. *Id.* An alternative forum is adequate if it provides the plaintiff with a fair hearing to obtain some remedy for the alleged wrong. *Id.* It is not necessary that the forum's legal remedies be as comprehensive or as favorable as the claims a plaintiff might bring in an American court. *Id.* Instead, the test is whether the forum provides some potential avenue for redress for the subject matter of the dispute. *Id.*

The *forum non conveniens* analysis must also weigh both private and public interest factors. *Clerides v. Boeing Co.*, 534 F.3d 623, 628 (7th Cir. 2008). Private interest factors that may be considered include the relative ease of access to sources of proof, the availability of compulsory process for attendance of unwilling witnesses

5

and the cost of obtaining attendance of those who are willing, and other practical considerations that impact the difficulty, speed, and cost of trial. *Id.* Public interest factors include "the administrative difficulties stemming from court congestion; the local interest in having localized disputes decided at home; the interest in having the trial of a diversity case in a forum that is at home with the law that must govern the action; the avoidance of unnecessary problems in conflicts of laws or in the application of foreign law; and the unfairness of burdening citizens in an unrelated forum with jury duty." *Id.*

### B. Personal Jurisdiction

It is Plaintiff's burden to demonstrate that a court has personal jurisdiction over Defendant. *See Travelers Cas. & Sur. Co. v. Interclaim (Bermuda) Ltd.*, 304 F. Supp. 2d 1018, 1020 (N.D. Ill. 2004). In considering a lack of personal jurisdiction, all well-pleaded jurisdictional allegations in the complaint are accepted as true unless controverted by actual evidence from outside the complaint. *See id.*; *see also Moran Indus. v. Higdon*, Case No. 07-cv-2008, 2008 WL 4874114, \*3 (N.D. Ill. June 26, 2008).

A federal court sitting in diversity in Texas may exercise personal jurisdiction over a foreign defendant if permitted by the due process clause of the Fourteenth Amendment. *See Diece-Lisa Indus., Inc. v. Disney Enterprises, Inc.*, 943 F.3d 239, 249 (5th Cir. 2019) ("Because the Texas long-arm statute extends to the limits of federal due process, the two-step inquiry collapses into one federal due process

6

analysis.") (quoting *Johnston v. Multidata Sys. Int'l Corp.*, 523 F.3d 602, 609 (5th Cir. 2008).)

Federal Courts recognize two types of personal jurisdiction: specific and general. *Daimler AG v. Bauman*, 134 S. Ct. 746, 751 (2014). Specific jurisdiction may be invoked when the claim at issue is "linked to the activities or contacts with the forum." *Goodyear Dunlop tires Ops., S.A. v. Brown*, 131 S. Ct. 2846, 2851 (2011). General jurisdiction exists "only when the organization is 'essentially at home' in the forum state." *Id.* This condition can be met where the defendant's state of incorporation and principle place of business are within the forum state. *Daimler*, 134 S. Ct. at 760. If these requirements cannot be met, jurisdiction may be asserted only when "the [defendant's] continuous operations within a state are so substantial and of such a nature as to justify suit . . . *on causes of action arising from dealings entirely distinct from those activities.*" *Id.* at 761 (emphasis original).

II. **The Court Should Dismiss Plaintiff's Remaining Claim On *Forum Non Conveniens* Grounds**

A. St. Kitts Is An Alternate, Available, and Adequate Forum

St. Kitts is an adequate alternative forum for Plaintiff's claims. First and foremost, St. Kitts recognizes breach of contract claims brought by students against universities. *See Panchal v. Med. Univ. of the Americas, Ltd.*, Claim No. NEVHCV 2003/0096 (Eastern Caribbean Sup. Ct., St. Kitts and Nevis, Nevis Cir. Mar. 28, 2011). Indeed, the Northern District of Illinois and the Seventh Circuit Court of Appeals have found St. Kitts to be adequate and available forum in a case that largely mirrors the claims brought by Plaintiff here. *See Zara*, 2017 WL 977002, at

\*4, aff'd, 706 F. App'x 328 (finding St. Kitts to be an adequate and available forum for series of claims against Ross and other defendants, including breach of contract); *Zara*, 706 F. App'x at 329 (affirming lower court finding of St. Kitts as an adequate and available forum on the grounds that the lower court "pointed to a case from the Eastern Caribbean Supreme Court, in which a similarly situated student prevailed in her claims against a defendant school for breach of contract") (citing *Panchal*, Claim No. NEVHCV2003/0096); *see also Suhail v. Trans-Americainvest (St.Kitts), Ltd.*, No. CIV. 14-7386 MAS DEA, 2015 WL 4598809 (D.N.J. July 29, 2015) (finding that St. Kitts is an adequate alternative forum and dismissing claims on forum non conveniens grounds in context of student bringing negligence claims against a university); *Sevison v. Cruise Ship Yours, Inc.*, Case No. 1996-cv-57, 1997 WL 530267, \*3 (D.V.I Aug. 15, 1997) (recognizing St. Kitts as "an adequate alternative forum," but ultimately denying the motion to dismiss on other grounds).

Even if a St. Kitts court were unable to provide precisely the same relief as an American court, that would be insufficient to establish that St. Kitts is not an adequate alternative forum for Plaintiff's claims. *See Stroitelstvo*, 589 F.3d at 422 (rejecting the plaintiff's argument that a Bulgarian court "could provide only partial remedies" for the claims raised in the plaintiff's complaint and holding that the plaintiff could not show that relief in a Bulgarian court was "so clearly inadequate or unsatisfactory that it is no remedy at all."); *see also Fischer*, 777 F.3d at 867 ("[O]nly if the remedy provided by the alternative forum is so clearly inadequate or unsatisfactory that it is no remedy at all should the unfavorable change be given

8

substantial—or even dispositive—weight."); *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 250 (1981) (holding that "dismissal on grounds of *forum non conveniens* may be granted even though the law applicable in the alternative forum is less favorable to the plaintiff's chance of recovery").

Here, the sole remaining claim concerns an alleged breach of contract where the breach conduct occurred exclusively in St. Kitts. St. Kitts recognizes this cause of action and the Northern District of Illinois as well as the Seventh Circuit Court of Appeals have St. Kitts to be an adequate and available forum in precisely the kind of case brought by Plaintiff here. Accordingly, the Court should find that St. Kitts is an adequate and available forum for the sole claim remaining in this case.

### B. Public And Private Interest Factors Favor St. Kitts

Having determined that St. Kitts is an available and adequate alternative forum, the question then turns to balancing public and private interest factors. *See Fischer,* 777 F.3d at 868 (holding that the balance of public and private interests favored dismissing the action from the Northern District of Illinois to Hungary).

As stated above, the public interest factors include "administrative difficulties flowing from court congestion; the local interest in having localized controversies decided at home; the interest in having a trial of a diversity case in a forum that is at home with the law that must govern the action; avoidance of unnecessary problems in conflicts of laws or in the application of foreign law; [and] unfairness of burdening citizens in an unrelated forum with jury duty." *Stroitelstvo*, 589 F.3d at 425.

9

Here, each of these public interest factors strongly favors St. Kitts as an adequate and available forum. Plaintiff claims Ross's Student Handbook was an implied contract that was breached due to Ross's alleged failure to accommodate Plaintiff's disabilities and Ross's dismissal of Plaintiff. (Third Am. Cmplt. ¶¶ 78-79, 83.)

All of the conduct giving rise to this claim occurred in St. Kitts. Specifically, Plaintiff allegedly requested accommodations from Ross while he was in St. Kitts and the alleged denial of his requested accommodations also occurred in St. Kitts. (*Id.* ¶ 32.) After failing several classes, he left Ross for a supposed "therapeutic sabbatical," only to return to St. Kitts three months later to continue his studies where he, again, allegedly requested accommodations which were, again, allegedly denied. (*Id.* ¶¶ 36-39.) When Plaintiff failed another class the following year, he was dismissed from Ross. (*Id.* ¶¶ 51, 54.) He appealed his dismissal, but his appeal was denied. (*Id.* ¶¶ 55-57.) Plaintiff's dismissal, his appeal, and the denial of his appeal all occurred in St. Kitts. (*Id.* ¶¶ 54-56.)

In short, Plaintiff alleges a breach of the Student Handbook when his requests for accommodation (requested in St. Kitts) were denied (denied in St. Kitts) leading to him failing various tests (all taken and administered in St. Kitts) and resulting in his dismissal and a denial of his appeal (dismissed, appealed, and denied all in St. Kitts.)

Accordingly, (a) St. Kitts has a "strong local interest" in resolving alleged contractual disputes arising from actions that took place entirely in St. Kitts,

10

between a St. Kitts corporation and a student who lived in St. Kitts, *see Wozniak v. Wyndham Hotels & Resorts, LLC*, No. 08 CV 1361, 2009 WL 901134, at *6 (N.D. Ill. Mar. 31, 2009) (Lekow, J.) (finding Mexico had greater interest in litigation because it was the site of the alleged injury); (b) St. Kitts law governs these common law claims, *see Midwest Grain Prod. of Illinois, Inc. v. Productization, Inc.*, 228 F.3d 784, 787 (7th Cir. 2000) (stating that in the absence of a choice of law provision, an Illinois court sitting in diversity must apply the law of the place of performance); (c) litigating in St. Kitts would avoid any potential for conflicts of law, *see id.*; (d) litigating in St. Kitts would avoid the difficulty of this Court or the Northern District of Texas having to apply St. Kitts law; and (e) it is fundamentally unfair to burden Illinois or Texas's citizens with attending jury duty on this matter because neither Illinois nor Texas has a connection to the dispute whatsoever, *see U.S.O. Corp. v. Mizuho Holding Co.*, No. 06 C 0459, 2007 WL 2893628, at *9 (N.D. Ill. Sept. 27, 2007) (Lefkow, J.), *aff'd*, 547 F.3d 749 (7th Cir. 2008) ("It would therefore be 'grossly unfair to impose jury duty on American citizens' in this case, where 'the American interest is at best indirect.'") (quoting *Pyrenee, Ltd. v. Wocom Commodities, Ltd.*, 984 F.Supp. 1148, 1167 (N.D. Ill. 1997).)

The private interest factors also favor St. Kitts. These factors include "the relative ease of access to sources of proof; availability of compulsory process for attendance of unwilling, and the cost of obtaining attendance of willing, witnesses; possibility of view of premises, if view would be appropriate to the action; and all

11

other practical problems that make trial of a case expeditious and inexpensive." *Stroitelstvo*, 589 F.3d at 425.

Chiefly, private interest factors strongly favor St. Kitts as the appropriate forum here because St. Kitts law governs the dispute and, therefore, trial of the case in a St. Kitts forum will be much easier and expeditious. Indeed, this was the conclusion the district court and the Third Circuit reached in a prior case involving Ross that mirrored the situation here. *See Archut v. Ross University Sch. of Veterinary Med.*, Case No. 10-cv-1681, 2013 WL 5913675 (D.N.J. Oct. 31, 2013); *aff'd,* 580 Fed. Appx. 90. In *Archut*, the plaintiff sued Ross in federal court in New Jersey. *See id.* at *1. In the first of two *Archut* decisions, the district court dismissed the plaintiff's claims under Title III of the Americans With Disabilities Act, the Rehabilitation Act, and the New Jersey Law Against Discrimination because none of those laws applies in St. Kitts. *See id.* at *13. In a subsequent decision, the court dismissed the plaintiff's remaining breach of contract claim on *forum non conveniens* grounds (identical to the claim remaining before this Court) because St. Kitts law was likely to govern any contractual claim based on Ross's student handbook. *See Archut*, 2013 WL 5913675 at *4-15. The Third Circuit Court of Appeals affirmed stating:

> Judge Cooper also carefully and completely explained her reasons for granting Ross's motion to dismiss the remaining breach of contract claim on the grounds of *forum non conveniens*. *See Archut v. Ross Univ. Sch. of Veterinary Med.*, No. 10–1681(MLC), 2013 WL 5913675 (D.N.J. Oct. 31, 2013). In her thorough opinion, Judge Cooper explained that she was dismissing the contract claim because it arises from conduct that occurred in St. Kitts. As the judge explained, St. Kitts is therefore the appropriate forum to litigate the alleged contract breach. Since "the law of St. Kitts likely

12

governs the dispute, trial of the case in a St. Kitts forum will be much easier and expeditious." *Id.* at *15. Accordingly, we will affirm the district court substantially for the reasons set forth in the district court's Memorandum and Order without further elaboration.

*Archut v. Ross Univ. Sch. of Veterinary Med.*, 580 F. App'x 90, 91 (3d Cir. 2014). Like in *Archut*, the sole remaining claim against Ross here concerns a "[breach of] contract claim . . . aris[ing] from conduct that occurred in St. Kitts" and "St. Kitts is therefore the appropriate forum to litigate the alleged contract breach." *Id.*

In sum, this case can only be properly litigated in St. Kitts because the legal questions arise under St. Kitts law and all the pertinent events took place in St. Kitts. Accordingly, the Court should dismiss Plaintiff's common law claims on *forum non conveniens grounds*.

## II. Plaintiff's Preferred Forum, The Northern District of Texas, Does Not Have Personal Jurisdiction Over Ross

The Northern District of Texas does not have personal jurisdiction over Ross because it simply has no connection to the allegations in this case and Texas may not exercise general jurisdiction over Ross because Ross is not "at home" in Texas.

### A. Texas Does Not Have Specific Jurisdiction Over Ross.

As explained above, the circumstances surrounding the allegedly discriminatory and retaliatory conduct at issue in this lawsuit occurred wholly within St. Kitts. "What is needed—and what is missing here—is a connection between the forum and the specific [claim] at issue." *Bristol-Myers Squibb v. Superior Ct.*, 137 S. Ct. 1773, 1781 (2017). Here, Plaintiff attended Ross, a foreign university organized under St. Kitts law and accredited by the St. Christopher & Nevis Accreditation Board. (Am. Cmplt. ¶¶ 8, 14, 28.) Plaintiff's alleged requests for

13

accommodations (and denials of those requests) occurred exclusively within St. Kitts. (Third Am. Cmplt. ¶¶ 32-39 (alleging that he personally met with Dr. Camp in St. Kitts to discuss his requested accommodations). Plaintiff completed his exams there. (*Id.*) He was placed on academic probation and went through the appeals process there too. (*Id.* ¶¶ 54-57.)

There are simply no allegations in this case that relate to activity occurring in Texas. Rather, Plaintiff resided in California when he applied to Ross and returned to California for his "therapeutic sabbatical" for the January to April 2014 semester. (*Id.* ¶¶ 6, 36-37.)

Accordingly, none of the activity giving rise to the claims in the Complaint occurred in Texas, and thus Texas does not have specific jurisdiction over the claims in Plaintiff's Third Amended Complaint.

### B. Texas Lacks General Jurisdiction Over Ross.

No Texas court, much less Plaintiff's preferred forum of the Northern District of Texas, can assert general jurisdiction over Ross. As an initial matter, it is "incredibly difficult to establish general jurisdiction in a forum other than the place of incorporation or principal place of business." *Monkton Ins. Servs., Ltd. v. Ritter*, 768 F.3d 429, 432 (5th Cir. 2014). "[T]he [general jurisdiction] inquiry ... is not whether a foreign corporation's in-forum contacts can be said to be in some sense continuous and systematic, it is whether that corporation's affiliations with the State are so continuous and systematic as to render [it] essentially at home in the

14

forum State." *Frank v. P N K (Lake Charles) L.L.C.*, 947 F.3d 331, 337 (5th Cir. 2020) (alterations in original) (citations omitted).

No such continuous or systematic contacts exist here. Ross is a university located in St. Kitts, incorporated under the laws of St. Kitts, and with its principal place of business in St. Kitts. Plaintiff cannot meet his burden to establish that Ross has substantial and continuous operations in Texas of such a nature as to justify suit in that state. Significantly, Plaintiff does not even assert a basis for general jurisdiction in the Third Amended Complaint as it appears Plaintiff's sole reason for requesting the case be transferred to the Northern District of Texas is Plaintiff's newly found residence there.

## CONCLUSION

For the foregoing reasons, Plaintiff's sole remaining claim in the Third Amended Complaint should be dismissed with prejudice to re-filing in any other United States court, but without prejudice to Plaintiff refiling his remaining common law claim in St. Kitts.

15

DATED: February 19, 2020      Respectfully submitted,

ADTALEM GLOBAL EDUCATION INC. f/k/a DEVRY EDUCATION GROUP; ADTALEM GLOBAL HEALTH, INC. f/k/a DEVRY MEDICAL INTERNATIONAL, INC.; ROSS UNIVERSITY SCHOOL OF MEDICINE SCHOOL OF VETERINARY MEDICINE (ST. KITTS) LIMITED


By: s/Megan Troy

Brian Stolzenbach
bstolzenbach@seyfarth.com
Megan E. Troy
mtroy@seyfarth.com
Andrew R. Cockroft
acockroft@seyfart.com
SEYFARTH SHAW LLP
233 S. Wacker Drive, Suite 8000
Chicago, IL 60606
Telephone:   (312) 460-5000
Facsimile:    (312) 460-7000

## CERTIFICATE OF SERVICE

I do hereby certify that I have caused a true and correct copy of the foregoing by filing a copy with the Court's CM/ECF system, which will send notification to the following, on this 19th day of February, 2020:

Emil Bayko
Prebeg Faucett & Abbott, PLLC, Suite 307
8441 Gulf Freeway
Houston, TX 77017
Email: tbayko@pfalawfirm.com

Michael W. Ford
Law Office of Michael W Ford
4 Timberwood Ln
Riverwoods, IL 60015-2400
Email: mfordski@gmail.com

                                                s/Megan Troy

61722072v.4