IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| PETER M. GALLIGAN, § § Plaintiff, § § v. § § ADTALEM GLOBAL EDUCATION, INC. § F/K/A DEVRY EDUCATION GROUP; § ADTALEM GLOBAL HEALTH, INC. F/K/A § DEVRY MEDICAL INTERNATIONAL, § INC.; ROSS UNIVERSITY SCHOOL OF § VETERINARY MEDICINE (ST. KITSS) § LIMITED; and DOES 1 THROUGH 50, § § Defendants. § § | Case No. 1:17-cv-6310<br><br>Hon. Judge Joan H. Lefkow<br><br><br>JURY TRIAL DEMANDED |

**PLAINTIFF'S MOTION TO TRANSFER VENUE
TO THE NORTHERN DISTRICT OF CALIFORNIA AND NOT TO ST. KITTS**

In 2017, Plaintiff Peter M. Galligan sued defendants Adtalem Global Education Inc. f/n/a DeVry Education Group ("Adtalem"), Adtalem Global Health, Inc. f/n/a DeVry Medical International, Inc. ("Adtalem Health"), and Ross University School of Veterinary Medicine (St. Kitts) Limited ("Ross") owned and operated by Adtalem. Plaintiff chose the Northern District of Illinois as his preferred venue, domicile of the parent defendant, Adtalem.

After this Court ruled on separate motions to dismiss filed by defendants, all that remains of this case are Plaintiff's breach of contract claims against Ross based on Ross' agreement with Plaintiff that: (1) Qualified students with disabilities, like Plaintiff, shall be afforded reasonable accommodations by Ross during class examinations as recommended by their medical treaters; and (2) Ross will not retaliate against anyone, like Plaintiff, who reports an incident of alleged harassment, discrimination or other unlawful conduct. Ross's contractual commitments and

obligations are contained in the Ross Student Handbook.

This Court has asked if the case should not be transferred to a different venue given that defendants Adtalem and Adtalem Health have been dismissed. Ross has made it clear that it wants the case transferred to St. Kitts. For the reason stated below, Plaintiff respectfully requests that this case be transferred to the Northern District of California, and not to St. Kitts.

### Relevant Facts

During the summer of 2012, while living in Burlingame, California, which is in the Northern District of California, Plaintiff applied to Ross through its Office of Admissions located in North Brunswick, New Jersey. Galligan Decl. at ¶2. Plaintiff became interested in attending Ross after reading its website, viewing a recruitment seminar in the United States and feeling assured that the same testing accommodation of private space and more time, if needed, that had been afforded to him throughout all four years in high school and all four years in college would continue on the island of St. Kitts.. *Id.* When questions arose regarding Plaintiff's application or the applications process, Plaintiff called the toll-free U.S. phone number listed for Ross Admission Office: (855) 767-7838. *Id.* at ¶3.

In early April of 2013, Plaintiff was contacted by an admissions officer whom Plaintiff asserts was in New Jersey in Ross' Admissions Office. *Id.* at ¶4. Plaintiff and the admissions officer discussed the debt Plaintiff would have to incur to attend Ross, equal to $300,000; Plaintiff's academic record; and Plaintiff's passion for veterinary medicine. *Id*. The admissions officer responded positively to Plaintiff's answers and told Plaintiff his application would be accepted. *Id*.

Shortly thereafter, a large envelope arrived at Plaintiff's home in California from Ross' Administrative Office in New Jersey with all kinds of new student forms and other materials, including the Ross Student Handbook, to be completed before school started in a few weeks' time

and to be mailed back to the Office of Admissions in New Jersey. *Id.* at ¶5. The Handbook specifically refers students to Ross' "Office of the Registrar in New Jersey" for transcript requests and vacation concurrences, and to Ross' "New Jersey Admissions Office" for admissions deferrals. Thereafter, all federal student loan applications, wired money transfers and other administrative paperwork were mailed or emailed either to, from or through Ross' Administrative Offices in New Jersey. *Id.* at ¶6.

On May 5, 2014, Plaintiff's treating psychologist, Timothy C. Engelmann, PhD, emailed Dr. Janet Camp, head of Ross' counseling services, at jcamp@rossvet.edu.kn, with a copy to Plaintiff, Subject: Galligan Accomodation (sic) that requested testing accommodations to reduce Galligan's testing anxieties. *Id.* at ¶7. For reasons unknown to Plaintiff, Dr. Camp refused Dr. Engelmann's request. *Id.* Prior to admission to Ross, Plaintiff had been seeing Dr. Engelmann in Burlingame, California where Dr. Engelmann continues his practice today. *Id.*

Dr. Engelmann referred Plaintiff to Michelle Kwok, MD, Board-certified in adult psychology and neurology, who diagnosed Plaintiff's issues and prescribed Klonopin and Zoloft. *Id.* at ¶8. Prior to admission to Ross, Galligan had been seeing Dr. Kwok in Menlo Park, California where Dr. Kwok continues her practice today. *Id.*

Plaintiff estimates that approximately 90% of his classmates at Ross were from the United States. *Id.* at ¶9. Some, located in various States, would be available at trial to testify as to the non-accommodation of Plaintiff's disability during exams at Ross. *Id.*

None of the administrative personnel responsible for or with personal knowledge of the facts relating to Plaintiff's dismissal remains employed by Ross. *Id.* at ¶10. None is listed on the Ross administration or faculty website. *Id.* And, none is physically domiciled on the island of St.

Kitts at present. *Id.* A search on the Internet reveals the apparent current locations of all those involved with Plaintiff's case:

- Dr. Janet Camp - Former Head of Ross Counseling Services who refused Dr. Engelmann's testing accommodation request for Plaintiff: King Abdullah University of Science and Technology in Thuwal, Saudi Arabia. *See*: https://www.facebook.com/janet.camp.75 (*id.*);

- Dr. Elaine Watson - Former Dean of Ross to whom Plaintiff appealed his case: University of Edinburgh College of Medicine and Veterinary in Edinburgh, Scotland. *See*: https://www.linkedin.com/in/elaine-watson-88663793 (*id.*);

- Dr. Guy St. Jean - Former Academic and Disciplinary Dean of Ross responsible for Plaintiff's dismissal in retribution after he raised mass student cheating on tests in his appeal: Universite' de Montreal Centre Hospitalier Universitaire Veterinaire in Montreal, Canada. *See*: https://chuv.umontreal.ca/english/dt_team/guy-st-jean (*id.*); and

- Dr. Carmen Fuentealba - Former Dean of Students at Ross who had direct knowledge of and implicitly condoned rampant student cheating on tests; also refused to intervene when apprised of Dr. Camp's non-accommodation of Plaintiff's disability: College of Veterinary Medicine at Long Island University in Brookville, New York. *See*: https://www.zoominfo.com/p/Carmen-Fuentealba/304313531 (*id.*).

After all of Plaintiff's appeals for reinstatement were refused, Plaintiff appealed to Adtalem CEO Daniel Hamburger. He, too, is no longer with the company, but remains in the Chicago area as CEO of Provation Medical. *See*: https://www.linkedin.com/in/dmhamburger (*id.* at ¶11).

**Ross' Request to Transfer to a Foreign Court**
**Makes Necessary a *Forum Non Conveniens* Analysis**

Because the transfer statute, 28 U.S.C.A. § 1404 (a), contemplates transfer only "to any other district or division," and because defendant Ross wants to transfer Plaintiff's case to an entirely foreign jurisdiction, the analysis necessarily becomes one of *forum non conveniens*.

However, for the reasons discussed in the *forum non conveniens* section below, Plaintiff believes that this case should be transferred to the Northern District of California.

***Forum Non Conveniens***

In *Maui Jim, Inc. v. SmartBuy Guru Enterprises*, 386 F. Supp. 3d 926, 949–50 (N.D. Ill. 2019), the Court stated:

The doctrine of *forum non conveniens* allows a federal court to dismiss a claim when a foreign jurisdiction would provide a more convenient forum to adjudicate the matter, and dismissal would serve the ends of justice. *Sinochem Int'l Co. v. Malaysia Int'l Shipping Corp.*, 549 U.S. 422, 425, 127 S. Ct. 1184, 1188, 167 L.Ed.2d 15 (2007); *Koster v. (Am.) Lumbermens Mut. Cas. Co.*, 330 U.S. 518, 527, 67 S. Ct. 828, 833, 91 L.Ed. 1067 (1947). …**District courts approach the doctrine with caution as it is "an exceptional one that a court must use sparingly."** *Id.* **As such, "[t]he exceptional nature of a dismissal for *forum non conveniens* means that a defendant invoking it ordinarily bears a heavy burden in opposing the plaintiff's chosen forum."** *Id.* at 806 (citing *Sinochem*, 549 U.S. at 430, 127 S. Ct. at 1191).

To determine whether dismissal on *forum non conveniens* grounds is appropriate, a district court must decide whether there is an available and adequate alternative forum to hear the case and evaluate relevant private and public interest factors identified by the Supreme Court. *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 241, 102 S. Ct. 252, 258, 70 L.Ed.2d 419 (1981); *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508–09, 67 S. Ct. 839, 843, 91 L.Ed. 1055 (1947); *Deb*, 832 F.3d at 807 (7th Cir. 2016); *Fischer*, 777 F.3d at 867. The private interest factors to consider are:

> [1] the relative ease of access to sources of proof; [2] availability of compulsory process for attendance of unwilling, and [3] the cost of obtaining attendance of willing, witnesses; [4] possibility of view of premises, if view would be appropriate to the action; and [5] all other practical problems that make trial of a case easy, expeditious and inexpensive.

*Clerides v. Boeing Co.*, 534 F.3d 623, 628 (7th Cir. 2008) (quoting *Gilbert*, 330 U.S. at 508, 67 S. Ct. at 843). The public interest factors to consider are:

> [1] the administrative difficulties stemming from court congestion; [2] the local interest in having localized disputes decided at home; [3] the interest in having the trial of a diversity case in a forum that is at home with the law that must govern the action; [4] the avoidance of unnecessary problems in conflicts of laws or in the application of foreign law; and [5] the unfairness of burdening citizens in an unrelated forum with jury duty.

*Id.* (citing *Gilbert*, 330 U.S. at 508–09, 67 S. Ct. at 843). "The *forum non conveniens* determination is committed to the sound discretion of the trial court.... [W]here the court has considered all relevant public and private

> interest factors, and where its balancing of these factors is reasonable, its decision deserves substantial deference." *Piper Aircraft Co.*, 454 U.S. at 257, 102 S. Ct. at 266.

*Maui Jim,* 386 F. Supp. 3d at 949-50 (emphasis added).

The *Maui Jim Court,* citing *Clerides*, 534 F.3d at 628, also stated that a plaintiff's choice of forum is entitled to deference and that **"a plaintiff's choice of forum should only be disturbed if the balance of public and private interest factors strongly favors the defendant."** 386 F. Supp. 3d at 950–51 (emphasis added).

Here, both the private and public interest factors strongly stack against Ross' request that the Court dismiss Plaintiff's case on *forum non conveniens* grounds; rather, this case should be transferred to the Northern District of California under 28 U.S.C. § 1404(a):

1. The contract at issue in this case (the Ross Student Handbook) was sent from New Jersey by Ross' Admissions Office to Plaintiff in Burlington, California with a specific reference to Ross' Registrar's Office in New Jersey. The contract was formed in the United States.

2. None of the defendant's primary witnesses currently reside in St. Kitts. All Ross officials with knowledge of the relevant facts have either been fired by Ross (or Ross' parent) or have resigned from Ross. Two of the five ex-Ross officials reside in the United States; the other three reside in Saudi Arabia, Scotland and Canada. The U.S. federal court system will make it possible to depose these ex-Ross employees, who presumably will not voluntarily come forward. To the extent it becomes necessary to use The Hague Convention on the Taking of Evidence Abroad in Civil and Commercial Matters in order to depose the ex-Ross employees in Saudi Arabia, Scotland and Canada, the United States is a party to the Convention, and St. Kitts is not.

3. The cost of obtaining attendance of willing witnesses, like former Ross students residing in the U.S. who will testify to relevant facts, will be less if the case is transferred to the Northern District of California and not to St. Kitts.

4. Other practicalities, like travel, accommodations and security will make trial of the case in Northern District of California easier, more expeditious and less expensive than a trial on a tiny, relatively unpopulated and isolated island in the Caribbean with limited civil adjudication capabilities.

5. The courts in the Northern District of California are not congested, relatively speaking.

6. Plaintiff is a natural born U.S. citizen who resided in the Northern District of California at all relevant times. Therefore, there is a local interest in having a localized dispute decided at home in the Northern District of California.

7. The contract contemplates the application of U.S. law, making several references to the Family Educational Rights and Privacy Act, 20 U.S.C.A. 1232g (including the right to file a complaint with the U.S. Department of Education in Washington, DC if Ross failed to comply with FERPA requirements); the *Guide for the Care and Use of Laboratory Animals, NRC 2011, 8th Edition* sponsored by the National Institutes of Health, the U.S. Department of Health and Human Services and the U.S. Department of Agriculture; the Animal Welfare Act of 1966, P.L 89-544; and the Federal Copyright Act of 1976, P.L. 94-553, as amended. Ross students were specifically directed to a DeVry (Adtalem predecessor) Title IX associate and coordinator **in Illinois** (area code 630) for discrimination or "any alleged non-compliance with or activity prohibited by Title IX of the Education Amendment of 1972.

8. The contract specifically states that Ross "**complies with all applicable laws regarding discrimination, harassment, retaliation and equal opportunity." Moreover, the contract allows for a grade appeal resulting from "unlawful discrimination on the basis of ... disability or other similar improper consideration other than academic performance**." Section 504 of the Rehabilitation Act of 1973, 20 U.S.C. 701, prohibits any entity that receives federal financial assistance such as student loans, like Ross, from discriminating against persons with disabilities.

9. A U.S. federal court is better equipped than a St. Kitts' court to understand and administer U.S. law.

### Transfer to the Northern District of California
### Is Appropriate under 28 U.S.C. § 1404(a)

In *Kelley v. MailFinance Inc.,* No. 19 C 758, 2020 WL 469305, at *2 (N.D. Ill. Jan. 29, 2020), the court held:

> Section 1404(a) provides that **"[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."** 28 U.S.C. § 1404(a). Transfer is appropriate if (1) venue is proper in both the transferor and transferee court; (2) transfer is for the

> convenience of the parties and witnesses; and (3) transfer is in the interest of justice. *See id.* In ruling on a § 1404(a) motion, "**the Court considers the relevant factors in light of all the circumstances of the case**, an analysis that necessarily involves a large degree of subtlety and latitude," *Luera v. Godinez*, 2015 WL 1538613, at *2 (N.D. Ill. 2015), and the issue is therefore "committed to the sound discretion of the trial judge." *Coffey v. Van Dorn Iron Works*, 796 F.2d 217, 219 (7th Cir. 1986).

*Id.*, 2020 WL 469305 at *2 (emphasis added).[1]

> When considering convenience, **courts consider factors such as where the witnesses and evidence are located, where the events took place, and how hard it would be for each side (in relative terms) to travel to one location or the other.** *See Research Automation*, 626 F.3d at 978. When considering the interests of justice, courts weigh docket congestion, each court's relative familiarity with relevant law, and the relationship of each community to the controversy, among other potential factors. *Id.* Courts consider both private and public interests. *See Berkshire Inv., LLC v. Aircraft Hinge, Inc.*, 2015 WL 556348, at *1 (N.D. Ill. 2015).

*Snider v. Heartland Beef, Inc.,* No. 1:19-CV-07386, 2020 WL 469382, at *2 (N.D. Ill. Jan. 29, 2020) (emphasis added). Moreover:

> **The plaintiff's choice of forum is generally entitled to "deference,"** but the amount of deference depends on the circumstances. *Id*. at 979, 982; *see In re Nat'l Presto Indus., Inc.*, 347 F.3d 662, 663-64 (7th Cir. 2003) (**"[U]nless the balance is strongly in favor of the defendant, the plaintiff's choice of forum should rarely be disturbed**[, but r]arely ... is not never.") (internal citations and quotation marks omitted).
>
> District courts assess the "interest of justice" based on factors such as "docket congestion[,] likely speed to trial in the transferor and potential transferee forums, each court's relative familiarity with the relevant law, the respective desirability of resolving controversies in each locale, and the relationship of each community to the controversy." *Research Automation*, 626 F.3d at 978 (internal citations omitted).

*Faxel v. Wilderness Hotel & Resort, Inc.,* No. 19 C 4649, 2019 WL 6467317, at *5 (N.D. Ill. Dec. 2, 2019) (emphasis added).

---

[1] Based on the facts stated in the Relevant Facts section, *infra,* Plaintiff could have brought this case in California or New Jersey because '[a] civil action may be brought in a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred,… ." 28 U.S.C. § 1391 (b)(2).

Here, too, the "interests of justice" factors manifestly do not weigh "strongly in favor of the defendant," as is required to disturb the plaintiff's choice of forum; on the contrary, they weigh solely in plaintiff's favor.

In terms of "court congestion" mentioned in the above cases, for example, federal court statistics reveal the Northern District of California to be, overall, the faster of the potential transferee courts.

| Court | Number (and percentage of overall caseload) of cases > 3 years old / and ranking [as of 2019] | Median Time (months) from Filing to **Disposition** / and national federal court ranking [as of 2019] | Median Time (months) from Filing to **Trial** (civil only) / and national federal court ranking [as of 2019] |
|---|---|---|---|
| N.D. Ill. | 5,404 (38%) / 90th | 7.4 / 17th | 36.7 / 52nd |
| NDCA | 1516 (15%) / 79th | 8.7 / 36th | 22.8 / 16th |
| DNJ | 736 (2%) / 3rd | 9.0 / 39th | 48.7 / 63rd |

*See*: https://www.uscourts.gov/sites/default/files/data_tables/fcms_na_distprofile0930.2019.pdf)

## Conclusion

In light of the foregoing, and because the private and public-interest *forum non conveniens* factors weigh in favor of his chosen forum, Plaintiff Galligan respectfully asks the Court to transfer this matter to the Northern District of California, where he lived at the time of contract agreement, for final resolution of his remaining cause of action, rather than to the foreign courts to which Ross has indicated it intends to request transfer. Ross cannot meet its heavy burden under those factors of showing any reasonable basis for disturbing Plaintiff's chosen forum under the circumstances.

Respectfully submitted this 19th Day of February 2020,

/s/ Michael W. Ford
Michael W. Ford, Esq.
LAW OFFICES OF MICHAEL W. FORD (local counsel)
IL Bar # 0846139
4 Timberwood Lane
Riverwoods, IL 60015
Tel. 847.948.7884
Email: mfordski@gmail.com

-AND-

/s/ Emil T. Bayko
Emil T. Bayko
IL Bar # 0141356
PREBEG, FAUCETT & ABBOTT, PLLC
8441 Gulf Freeway, Suite 307
Houston, TX 77017
Tel. 832.742.9260
Fax 832.742.9261
Email: tbayko@pfalawfirm.com

***ATTORNEYS FOR PLAINTIFF PETER M. GALLIGAN***

## CERTIFICATE OF SERVICE

I hereby certify that a true and accurate copy of the foregoing document was served on all counsel of record in this matter, including those listed below, by filing it using the Court's CM/ECF system on today's date:

Brian Stolzenbach
Megan Troy
Thomas Horan
SEYFARTH SHAW LLP
233 S. Wacker Drive, Suite 8000
Chicago, IL 60606-6448
Tel. 312.460.5551
bstolzenbach@seyfarth.com
mtroy@seyfarth.com
thoran@seyfarth.com

DATED this 19th Day of February 2020.

*/s/ Emil T. Bayko*
EMIL T. BAYKO