IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| PETER M. GALLIGAN,<br><br>      Plaintiff,<br><br>  v.<br><br>ADTALEM GLOBAL EDUCATION INC. f/k/a DEVRY EDUCATION GROUP; ADTALEM GLOBAL HEALTH, INC. f/k/a DEVRY MEDICAL INTERNATIONAL, INC.; ROSS UNIVERSITY SCHOOL OF MEDICINE SCHOOL OF VETERINARY MEDICINE (ST. KITTS) LIMITED; AND DOES 1 THROUGH 50,<br><br>      Defendants. | Case No. 1:17-cv-06310<br><br>Hon. Joan H. Lefkow |

## OPPOSITION TO PLAINTIFF'S MOTION TO TRANSFER VENUE TO THE NORTHERN DISTRICT OF CALIFORNIA

Faced with the fact that this case relates to events that happened on the island in St. Kitts and an alleged contract formed in St. Kitts governed by St. Kitts law, Plaintiff has chosen to walk back the representations made to the Court that the case should transfer to the Northern District of Texas, where Plaintiff now lives. Instead, he now argues that the case should transfer to the Northern District of California even though this case has no connection to California. He is effectively advocating for a forum that is inconvenient for all parties, including himself.

Plaintiff's preferred forum is inappropriate for the simple reason that the Northern District of California does not have personal jurisdiction over Ross. Indeed, at least one federal district court in California has already found that

California does not have personal jurisdiction over Ross University School of Medicine (a similarly structured Adtalem-affiliated entity located on the island of Dominica) ("RUSM") in a nearly identical case to the one before this Court. *See Tran v. Ross University School of Medicine*, 17-cv-583 (C.D. Cal.) (ECF No. 35), attached as **Exhibit A**.

In addition, Plaintiff's attempts to save his case from dismissal on *forum non conveniens* grounds rely on several unsupported assertions. Plaintiff cites no support for his claims that: (1) travel for former Ross students will be easier if the case is transferred to California as opposed to St. Kitts; (2) St. Kitts has limited civil adjudication capabilities; and (3) the relative lack of cases handled by the Northern District of California. Many of these same arguments have been rejected by courts in the Northern District of Illinois and the Seventh Circuit Court of Appeals. *See e.g.*, *Zara v. Devry Educ. Grp., Inc.*, No. 16-CV-05156, 2017 WL 977002, at *4 (N.D. Ill. Mar. 14, 2017), aff'd, 706 F. App'x 328 (7th Cir. 2017). Even still, Plaintiff cannot deny that the public interest factors weigh heavily in favor of dismissal because this case concerns actions occurring solely within St. Kitts.

Accordingly, the Court should dismiss the instant action on *forum non conveniens* grounds with prejudice to re-filing in any other United States court, but without prejudice to Plaintiff refiling his remaining breach of contract claim in St. Kitts.

ARGUMENT

I. Transfer to the Northern District of California is Improper

    A. The Northern District Of California Does Not Have Personal Jurisdiction Over Ross

The Northern District of California does not have personal jurisdiction over Ross because it does not have sufficient connection to the allegations in this case and California may not exercise general jurisdiction over Ross because Ross is not "at home" in California.

    1. California Lacks General Jurisdiction Over Ross

No California court, much less Plaintiff's preferred forum of the Northern District of California, can assert general jurisdiction over Ross. General jurisdiction arises when a defendant's "affiliations with the State ... are so constant and pervasive 'as to render [it] essentially at home in the state.'" *See Daimler AG v. Bauman*, 134 S. Ct. at 751 (quoting *Goodyear Dunlop Tires Operations. S.A. v. Brown*, 131 S. Ct. 2846, 2851 (2011)). Only in an "exceptional case" will a court have general jurisdiction over a corporation in a state other than the corporation's state of incorporation or principal place of business. *See Daimler AG,* 134 S. Ct. at 761 n.19. "This is an exacting standard, as it should be, because a finding of general jurisdiction permits a defendant to be haled into court in the forum state to answer for any of its activities anywhere in the world." *Schwarzenegger v. Fred Martin Motor Co.*, 374 F. 3d 797, 801 (9th Cir. 2004).

No such continuous or systematic contacts exist here. Ross is a university located in St. Kitts, incorporated under the laws of St. Kitts, and with its principal place of business in St. Kitts. (Third Am. Compl. ¶ 9.)

While Plaintiff alleges that Ross recruited him while he was living in California, recruitment alone is insufficient to establish general jurisdiction. Indeed, when faced with nearly identical claims as the instant case against RUSM, the Central District for California held RUSM was not subject to the general jurisdiction of California even though the plaintiff alleged "ongoing and substantial business within [California] via various recruitment methods." *See Tran v. Ross University School of Medicine*, 17-cv-583 (C.D. Cal.) (ECF No. 35), **Exhibit A** at 6 (citing *Norris v. Oklahoma City Univ.*, No. C-93-1626-VRW, 1993 WL 313122, at *2 (N.D. Cal. Aug. 3, 1993), *aff'd*, 21 F.3d 1115 (9th Cir. 1994) ("[S]olicitation of students within the forum state, residence of some number of students in forum state, and media swings by school representatives through forum state to recruit students are not enough to satisfy general jurisdiction requirements.")

### 2. California Does Not Have Specific Jurisdiction Over Ross

California's long arm statute applies a standard co-extensive with federal due process jurisdictional standards. *See Schwarzenegger*, 374 F. 3d at 800-801. To establish specific jurisdiction, Plaintiff must assert that his claims arise out of or are related to Ross's purposeful contacts with California. "For specific personal jurisdiction to exist, the relationship between defendant and the forum "must arise out of contacts that the 'defendant [itself] creates with the forum State.'" *Walden v.*

4

*Fiore,* 134 S. Ct. 1115, 1122 (2014) (quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. at 475). A three-part test is used to "assess whether a defendant has sufficient contacts with the forum state to be subject to specific personal jurisdiction":

> (1) The non-resident defendant must purposefully direct his activities or consummate some transaction with the forum or resident thereof; or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws;
>
> (2) the claim must be one which arises out of or relates to the defendant's forum-related activities; and
>
> (3) the exercise of jurisdiction must comport with fair play and substantial justice, i.e., it must be reasonable.

*Picot v. Weston*, 780 F. 3d 1206, 1211 (9th Cir. 2015) (citing *Schwarzenegger*, 374 F. 3d at 802). The plaintiff has the burden of proving the first two prongs. *See Picot*, 780 F. 3d at 1211-1212 (citing *College Source, Inc. v. Academy One, Inc.*, 653 F. 3d 1066, 1076 (9th Cir. 2011). If he does so, the burden shifts to the defendant to "set forth a 'compelling case' that the exercise of jurisdiction would not be reasonable." *Id.* (quoting *Burger King Corp.*, 471 U.S. at 477).

Plaintiff's allegations regarding Ross's alleged recruitment of him to the school while he was living in California (ECF No. 85 at 2-3) are not enough. The mere fact that Ross recruited him in California does not show that his breach of contract claim (which has nothing to do with his recruitment) arise out of or relate to events in California. *See Schwarzenegger*, 374 F. 3d at 802 ("the claim must be one which arises out of or relates to the defendant's forum related activities"); *Picot*, 780 F. 3d at 1212-1215 (defendant's contract with a California resident not sufficient to establish personal jurisdiction, even where defendant made two trips to

5

California, because the court found it more significant that "the agreement was formed in Michigan," and it was understood defendant would perform the majority of his contractual work in Michigan).

For example, in the employment context, courts routinely find that "[r]ecruiting and hiring a plaintiff in the forum state, with nothing more, is not sufficient to establish specific jurisdiction when the cause of action arises from injuries abroad." *See, e.g., Anderson v. GlobalSantaFe Offshore Servs.,* 924 F. Supp. 2d 738, 745 (E.D. La. 2013); *Estigoy v. OSG Car Carriers, Inc.,* 33 Fed. Appx. 844, 846 (9th Cir. 2002) (defendant's hiring of plaintiff in Hawaii through recruiting efforts was not enough to provide jurisdiction there, because the defendant did not have any other purposeful contacts with Hawaii).

This is precisely what the Central District of California held in *Tran*. There, the plaintiff argued that even if the causes of action arising out of the relationship between the plaintiff and RUSM were carried out and performed in the Commonwealth of Dominica, "the causes of action were initiated in Riverside County, California (where solicitation of [Defendant's] educational services and recruitment took place." *Tran*, 17-cv-583 (C.D. Cal.) (ECF No. 35), **Exhibit A** at 7. The Court rejected this argument and found no personal jurisdiction over RUSM because "Plaintiff's causes of action . . . stem from the alleged hostile learning environment and his dismissal, inter alia, all of which occurred in Dominica." *Id.* at 8.

6

As explained in Ross's opening brief, the alleged discriminatory and retaliatory conduct giving rise to Plaintiff's sole remaining claim occurred wholly within St. Kitts. Plaintiff attended Ross in St. Kitts, he requested accommodations in St. Kitts, those accommodations were allegedly denied in St. Kitts, he completed his exams in St. Kitts, and he was placed on academic probation and went through the appeals process in St. Kitts. (*See* Third Am. Compl. ¶¶ 3, 9, 31-39, 51, 54-57; ECF No. 83 at 3-4.) Nothing in Plaintiff's Motion states otherwise.

Consequently, none of the activity giving rise to the claims in the Complaint occurred in California, and thus California does not have specific jurisdiction over the claims in Plaintiff's Third Amended Complaint.

In any event, the exercise of personal jurisdiction over Ross in this case would violate traditional notions of "fair play and substantial justice." *See Burger King*, 471 U.S. at 476 (citations omitted). Due process requires that it must not be unfair or unreasonable to require the nonresident to defend the suit in the forum state. *See Asahi Metal Indus. Co. v. Super. Ct. of Cal.*, 480 U.S. 102, 113-114 (1987). Given that Ross is based and organized in St. Kitts and Plaintiff's claims relate to events that occurred in St. Kitts, it would be unfair for a court in another country to exercise jurisdiction over Ross to resolve those claims. *See id.* at 114 ("The unique burdens placed upon one who must defend oneself in a foreign legal system should have significant weight in assessing the reasonableness of stretching the long arm of personal jurisdiction over national borders.") Therefore, Plaintiff cannot establish

personal jurisdiction over Ross in his preferred forum of the Northern District of California.

### B. Plaintiff Has Made No Showing That Litigation In the Northern District of California Would Be More Convenient

"A party moving for transfer 'has the burden of showing that the transferee forum is clearly more convenient' and must 'clearly specify the key witnesses to be called and make at least a generalized statement of what their testimony' will include." *Hirst v. SkyWest, Inc.*, 405 F. Supp. 3d 771, 778 (N.D. Ill. 2019) (quoting *Heller Fin., Inc. v. Midwhey Powder Co. Inc.*, 883 F.2d 1286, 1293 (7th Cir. 1989).

Here, Plaintiff has not demonstrated that the Northern District of California will be more convenient than litigation in St. Kitts for any party. Indeed, Plaintiff has not demonstrated that *any* witness resides in California, much less in the Northern District of California, nor has Plaintiff offered any evidence that any party lives closer (let alone materially closer) to the Northern District of California than St. Kitts. The only "evidence" Plaintiff has offered on this front is that he "would estimate that approximately 90% of [his] classmates at Ross were from the United States." (Galligan Decl. ¶ 9.) Aside from this statement having no supporting evidence, it at best shows that some number of witnesses are scattered throughout the United States, meaning that they will inevitably have to travel regardless of where the case is transferred. Indeed, Plaintiff chose to file the instant case in the Northern District of Illinois, where he did not and does not reside and presumably a fair distance away from any relevant witnesses. *See Qurio Holdings, Inc. v. DIRECTV, LLC*, No. 14-CV-7502, 2015 WL 1943278, at *5 (N.D. Ill. Apr. 29, 2015)

8

(holding that a difference in airline ticket costs, though not insubstantial, would not unduly impact defendants' efforts to mount a response and that plaintiffs' claimed difficulties litigating in multiple districts were unavailing when plaintiffs chose to file their cases in a district that was itself a significant distance to travel).

Accordingly, Plaintiff has failed to show that transfer to the Northern District of California will be more convenient than litigation in St. Kitts and his request for transfer can be denied on that basis alone.

### C. Plaintiff Already Informed This Court That The Case Should Not Be Transferred To The Northern District Of California And He Should Not Be Permitted To Advocate Otherwise During Simultaneous Briefing

Until Plaintiff filed his Motion to Transfer, his position was clear: the case should not be transferred to California, it should be transferred to Texas because the Plaintiff no longer lives in California. Indeed, counsel for Plaintiff told this Court *twice* within a week that the case *should not* be transferred to California:

> MR. FORD: I have a piece of news to relate, to begin with.
>
> THE COURT: Okay.
>
> MR. FORD: In view of the fact we may be discussing venue, the plaintiff, **Peter Galligan, no longer lives in California**. He has moved to Texas. He now resides in the Fort Worth/Dallas area. I just learned that recently. So that's a bit of news.
>
> THE COURT: Okay. So how does that affect our jurisdictional issue. They're still diverse; right?
>
> MR. FORD: **I would say that if the court is going to transfer the case, it should go to Texas**.
>
> THE COURT: **To Texas**.
>
> MR. FORD: **Not to California**.

9

(Transcript of Proceedings Jan. 28, 2020, at 2:10-23, attached as **Exhibit B** (emphasis added).)

> MR. FORD: Plaintiff's position is **if the case is going to be transferred it should go to Texas**, as we talked out at the last status hearing. The plaintiff now resides in the Dallas/Fort Worth area, I believe it is the Northern District of Texas down there . . .

(Transcript of Proceedings Feb. 5, 2020, at 3:18-22, attached as **Exhibit C** (emphasis added).)

Advocating one venue prior to briefing, only to later contradict oneself when the opposing party has already filed their brief, subverts the entire purpose of having simultaneous briefing here and only serves to undermine the orders of this Court. Courts have rejected such contradictory positions when considering jurisdictional issues and found a lack of jurisdiction on that basis. *See Micrometl Corp. v. Tranzact Techs., Inc.*, 656 F.3d 467, 471 (7th Cir. 2011) ("We also note that the court was not hoodwinked by Micrometl's contradictory arguments, asserting on one hand that the amount in controversy was sufficient to satisfy diversity jurisdiction, yet on the other that it had never claimed that damages were in excess of $100,000. 'Entirely disingenuous' is how the court described Micrometl's position, and we are inclined to agree."); *Prestige Cas. Co. v. Interstate Truck Underwriters, Inc.*, No. 87 C 2697, 1987 WL 18341, at *2 (N.D. Ill. Oct. 7, 1987) ("Interstate's motion to transfer this case to the Western District of Michigan is also denied. Defendant's memorandum filed in support of this motion completely contradicts its position that this case should be transferred. Instead of filing a memorandum in support of transferring this case to Michigan, defendant chose to submit the

10

memorandum Interstate filed in the Michigan action arguing against the transfer of the pending Michigan case to the Northern District of Illinois.").

## II. Plaintiff's Claims Should be Dismissed on *Forum Non Conveniens* Grounds

Despite Plaintiff's vague claims to the contrary, St. Kitts is an adequate and available forum and the private and public interest factors favor dismissal of the instant case.

### A. Plaintiff's New Choice of Forum Deserves No Deference

While Plaintiff asserts that his choice of forum deserves deference (ECF No. 85 at 4-5), Plaintiff is less than clear what his choice of forum is. Here, Plaintiff chose to sue in the Northern District of Illinois, then agreed that Illinois likely does not have jurisdiction following the dismissal of Illinois Defendants, but now seeks to transfer to the case to an alternate forum. *See* Exhibit B at 2:10-23. When provided the opportunity to inform Ross and the Court of his choice of forum, Plaintiff initially said that because he now resides in Texas, the case should be transferred to Texas. *Id.* Yet, in the time between that representation to the Court and the deadline for briefing the issue, Plaintiff has chosen yet another forum while submitting a brief that carefully elides Plaintiff's current residence.

"When the plaintiff's choice is not its home forum . . . the presumption in the plaintiff's favor 'applies with less force,' for the assumption that the chosen forum is appropriate is in such cases 'less reasonable.'" *Sinochem Int'l Co. v. Malaysia Int'l Shipping Corp.*, 549 U.S. 422, 430 (2007). Here, Plaintiff's third choice of forum, a forum at least 1,000 miles from his current residence, deserve no deference from this Court because it is nothing more than forum-shopping.

11

### B. St. Kitts Is An Available And Adequate Forum

Nothing in Plaintiff's Motion disputes that St. Kitts is an available and adequate forum. Accordingly, the Court should, like the Seventh and Third Circuit Courts of Appeals, find that St. Kitts is an adequate and available forum for claims nearly identical to claims presented by Plaintiff here. *See Zara*, 2017 WL 977002, at *4, aff'd, 706 F. App'x 328 (finding St. Kitts to be an adequate and available forum for series of claims against Ross and other defendants, including breach of contract); *Zara*, 706 F. App'x at 329 (affirming lower court finding of St. Kitts as an adequate and available forum on the grounds that the lower court "pointed to a case from the Eastern Caribbean Supreme Court, in which a similarly situated student prevailed in her claims against a defendant school for breach of contract") (citing *Panchal*, Claim No. NEVHCV2003/0096); *Archut v. Ross University Sch. of Veterinary Med.*, No. 10-cv-1681, 2013 WL 5913675 (D.N.J. Oct. 31, 2013); aff'd, 580 Fed. Appx. 90 (3rd Cir. 2014) (dismissing breach of contract claim against Ross on *forum non conveniens* grounds).

### C. The Public and Private Interest Factors Favor Dismissal

The public interest factors uniformly support dismissal. First, Plaintiff all but concedes that the alleged breach of contract occurred solely within St. Kitts. Indeed, the sole case relied on by Plaintiff actually favors dismissal for this very reason. In *Maui Jim, Inc. v. SmartBuy Guru Enterprises*, 386 F. Supp. 3d 926, 954 (N.D. Ill. 2019) the court dismiss the plaintiff's claims on *forum non conveniens* grounds in part because of "the local interest in having localized disputes decided at home,"

12

even though the plaintiff was an Illinois company. Here, the case for dismissal is even greater because Plaintiff does not reside in Illinois, yet it is undisputed that the facts underlying Plaintiff's remaining cause of action all occurred in St. Kitts. (*See* ECF No. 83 at 3-4.).

Second, Plaintiff presents no evidence that St. Kitts courts are relatively congested when compared to Northern District of California Courts. Regardless, such a claim would be undercut by the Seventh Circuit dismissing a nearly identical case for refiling in St. Kitts. *See Zara*, 706 F. App'x at 329.

Finally, despite Plaintiff's insistence that the alleged contract here, the Student Handbook, is not governed by St. Kitts law, the Seventh Circuit is clear that in the absence of a choice of law provision, an Illinois court sitting in diversity must apply the law of the place of performance. *See Midwest Grain Prod. of Illinois, Inc. v. Productization, Inc.*, 228 F.3d 784, 787 (7th Cir. 2000); *see also Boise Cascade Home & Land Corp. v. Utilities, Inc.*, 127 Ill. App. 3d 4, 12, 468 N.E.2d 442, 448 (1984) ("Under traditional Illinois conflict of laws principles, the law of the place where the contract is performed and executed is applicable in determining the validity, construction and obligations of the contract. Where performance and execution occur in different states, the law of the place of performance governs.") The Student Handbook, pertaining to activities undertaken while attending Ross in St. Kitts undeniably contemplated performance in St. Kitts as opposed to Illinois, California, or Texas.

13

As for private interest factors, because St. Kitts law governs the dispute, trial of the case in a St. Kitts forum will be much easier and expeditious. (*See* ECF No. 83 at 12 (citing *Archut v. Ross University Sch. of Veterinary Med.*, Case No. 10-cv-1681, 2013 WL 5913675 (D.N.J. Oct. 31, 2013); *aff'd,* 580 Fed. Appx. 90.) Here, the Third Circuit Court of Appeals found St. Kitts favored in the public and private interest factors in an identical case. *See Archut v. Ross Univ. Sch. of Veterinary Med.,* 580 F. App'x 90, 91 (3d Cir. 2014).

Plaintiff's reliance on the other private interest factors like the convenience for witnesses and the parties is misguided for the reasons stated above in Secs. I.C. and II.A. Plaintiff initially chose a forum inconvenient for the vast majority of potential witnesses including himself, Illinois. He then vacillated between Texas (where there is only evidence that Plaintiff resides) and California (where there is no evidence that anyone resides) as his preferred forum. Regardless, any forum will require the travel of witnesses and Plaintiff has not presented evidence that travel to one forum will be more difficult than to another. Accordingly, the private interest factors favor dismissal.

## CONCLUSION

For the foregoing reasons, Plaintiff's sole remaining claim in the Third Amended Complaint should be dismissed with prejudice to re-filing in any other United States court, but without prejudice to Plaintiff refiling his remaining common law claim in St. Kitts.

DATED: March 4, 2020					Respectfully submitted,

							ADTALEM GLOBAL EDUCATION INC.
							f/k/a DEVRY EDUCATION GROUP;
							ADTALEM GLOBAL HEALTH, INC.
							f/k/a DEVRY MEDICAL
							INTERNATIONAL, INC.; ROSS
							UNIVERSITY SCHOOL OF MEDICINE
							SCHOOL OF VETERINARY
							MEDICINE (ST. KITTS) LIMITED


							By: s/Megan Troy


Brian Stolzenbach
bstolzenbach@seyfarth.com
Megan E. Troy
mtroy@seyfarth.com
Andrew R. Cockroft
acockroft@seyfart.com
SEYFARTH SHAW LLP
233 S. Wacker Drive, Suite 8000
Chicago, IL 60606
Telephone:	(312) 460-5000
Facsimile:	(312) 460-7000

## **CERTIFICATE OF SERVICE**

I do hereby certify that I have caused a true and correct copy of the foregoing by filing a copy with the Court's CM/ECF system, which will send notification to the following, on this 4th day of March, 2020:

Emil Bayko
Prebeg Faucett & Abbott, PLLC, Suite 307
8441 Gulf Freeway
Houston, TX 77017
Email: tbayko@pfalawfirm.com

Michael W. Ford
Law Office of Michael W Ford
4 Timberwood Ln
Riverwoods, IL 60015-2400
Email: mfordski@gmail.com

                s/Megan Troy

61972956v.3