IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| PETER M. GALLIGAN, | § § § | |
| Plaintiff, | § § | |
| v. | § § | Case No. 1:17-cv-6310 |
| ADTALEM GLOBAL EDUCATION, INC. F/K/A DEVRY EDUCATION GROUP; ADTALEM GLOBAL HEALTH, INC. F/K/A DEVRY MEDICAL INTERNATIONAL, INC.; ROSS UNIVERSITY SCHOOL OF VETERINARY MEDICINE (ST. KITSS) LIMITED; and DOES 1 THROUGH 50, | § § § § § § § § § § § § | Hon. Judge Joan H. Lefkow<br><br>JURY TRIAL DEMANDED |
| Defendants. | § | |

## DECLARATION OF TIMOTHY J. GALLIGAN, ESQ.

I, Timothy J. Galligan, Esq., hereby affirm and declare as follows:

1.  I am over 18 years of age, of sound mind and body, and am competent to make this Declaration. The facts stated herein are within my personal knowledge. I make this Declaration in support of Plaintiff's Motion to Transfer Venue to California and Not to St. Kitts, or retention in the Northern District of Illinois Eastern Division.

2.  I am the father of Plaintiff Peter M. Galligan. I am an attorney and have been actively licensed in the State of California from May of 1980 to present.

3.  On February 20, 2020, I emailed the attached letter (Ex. "A") to the following 11 law firms on the islands of St. Kitts and Nevis in the West Indies and addressed the email to the "Contact" URLs posted on their websites inquiring about

potential interest in representing Plaintiff Galligan in the event that subject case is transferred there:

- Kelsick, Wilkin and Ferdinand;
- Law Offices of Michella Adrien;
- Adrian Thompson Barristers and Solicitors;
- Dublin & O'Brien Law Firm;
- Hector & Nisbitt;
- Law Offices of T.A.C.T Liburd & H.D. Sutton;
- Webster Law Firm;
- Law Offices of Daniel Brantley;
- Merchant Legal Chambers;
- Law Offices of Joseph Rowe; and
- JHT Law Firm.

4. I sent a second and redundant email in text format subsequently to the above listed law firms to ensure delivery and receipt. Over the past 12 days, three firms have emailed written replies declining representation. One law firm specifically raised issues regarding the inability of the St. Kitts judicial system to apply applicable law and strongly recommended that this matter not be submitted to the jurisdiction of St. Kitts.

5. I received no reply from seven of the firms listed above.

6. One firm did indicate a potential interest in representation contingent upon answers to certain questions. However, that firm also expressed concern about its ability to depose necessary offshore witnesses.

7. On January 19, 2016, I placed a call to Howard D. Sorensen, Esq., senior attorney, in the Office of the Inspector General of the U.S. Department of Education ("DOE") in Washington, DC to his direct phone line (202) 245-7072. When Mr. Sorensen answered my call, I described in hypothetical and anonymous terms the test cheating issue at Ross University School of Veterinary Medicine where a high percentage of students sourced through student test banks a high percentage of repeat exam questions

DECLARATION OF TIMOTHY J. GALLIGAN, ESQ. –                                                                    PAGE 2

and professor-approved answers prior to sitting for exams - a practice blind-eye condoned by school administration. His near verbatim reply transcribed in my notes was as follows: "In addition to the potential fraud issue, how can a school that allows its students access to and use of previous exam questions and answers that are repeated by its professors certify to the United States Government that its students are making 'Satisfactory Academic Progress' as required for Title IV loans under the Higher Education Act? How is that possible?"

8. As to the issue of witness availability for deposition and at trial, it appears that Mr. Sorensen is still employed by the DOE's Office of Inspector General in Washington: https://www.federalpay.org/employees/dept-of-education-office-of-inspector-general/sorensen-howard-d.

9. On June 30, 2018, I engaged in a conference call with Dr. Karen Brandt, Director of the Education and Research Division of the American Veterinary Medicine Association ("AVMA"). The AVMA performs regular academic audits of vet schools and, when warranted, issues certifications to the DOE as a prerequisite to those schools receiving Title IV federal student loans.

10. Two categories of hypothetical and anonymous questions were posited to Dr. Brandt. First, mass test cheating by students as described above, causing pass rates on the vet licensing boards (North American Veterinary Licensing Examination) by a school's graduates to plummet (11% in the case of Ross). Dr. Brandt took issue with professors not changing their testing procedures in such a situation, thus denying students not only higher NAVLE pass rates but, also, "a good quality education." If the above cheating scenario were discovered during a site visit, "and the facts laid on the table, we

(the AVMA) would have an issue with this ... although the Council only makes accreditation decisions.... The expectation is that the school should root out and expunge all cheating."

11. Second, I raised the issue of a school not following its student handbook or the AVMA's policies and procedures to accommodate disabled students by providing reasonable testing allowances. Dr. Brandt's near verbatim reply: "We would have a problem with that as well."

12. As to the issue of witness availability for deposition and at trial, Dr. Brandt remains employed by the AVMA with its headquarters offices located in Schaumburg, Illinois: https://www.avma.org/education/accreditation/colleges/avma-center-veterinary-education-accreditation-contacts.

13. After Plaintiff was dismissed by Ross in September of 2015, I appealed the decision and made a series of calls to Ross' parent, DeVry Education Group, in Downers Grove, IL and was directed to Ross' Senior Associate, Office of Ombudsman Cindy Oakley. Ms. Oakley wrote to me on October 12, 2015 as follows: "Thus, upon receipt of this complaint on October 5, 2015, DVG's Office of Ombudsman was engaged to speak with you and investigate your concerns. The Office of Ombudsman is the highest level of escalation for student concerns in the DVG Organization..." (Ex. "B"). Ms. Oakley provided considerable information relating to the facts, issues and admissions of the case from the defendants' perspective.

14. As to the issue of witness availability for deposition and at trial, Ms. Oakley remains in the greater Chicago area and, per her LinkedIn page, is employed by the

Illinois Department of Employment Security: https://www.linkedin.com/in/cindy-oakley-5983695:

15. On December 28, 2015, Peter Galligan forwarded an email to me from DeVry Education Group legal counsel Audrey B. Kaplan, located in Miramar, FL, dated same day that stated:

> "... As you know, these (your) complaints were already fully investigated and addressed by my office in conjunction with the Office of the Ombudsman and were found to have no merit. Please be advised that there is no room for further appeal or action by RUSMV or any of its faculty. Therefore, you should refrain from continuing to pursue this matter with individual colleagues at RUSVM. It would be inappropriate for the faculty to respond and your communications will ultimately be forwarded to me."

16. I was not copied on the email. Ms. Kaplan knew Plaintiff was represented by me at the time and, in fact, made specific written reference to my representation in that email and previously.

17. Ms. Kaplan's email appears to have violated Florida Rules of Professional Conduct 4-4.2(a): "Communication with Persons Represented by Counsel: In representing a client, a lawyer shall not communicate about the subject of the representation with a person the lawyer knows to be represented by another lawyer in the matter...." And Florida Rules of Professional Conduct 4-3.4(a): "Fairness to Opposing Counsel: A lawyer shall not unlawfully obstruct another party's access to evidence or otherwise ... conceal a document or other material that the lawyer knows or reasonably should know is relevant to a pending or a reasonably foreseeable proceeding."

18. As to the issue of witness availability for deposition and at trial, Ms. Kaplan is no longer employed by DeVry, but is currently a partner with the Chicago-based law firm Hogan Marren Babbo and Rose - https://www.hmbr.com/people/audrey-b-kaplan/

19. My date of birth was February 23, 1952 and my address is 5 Borealis Way Castle Rock, Colorado 80108.

Under penalty of perjury under the laws of California, Illinois and of the United States of America, I declare the foregoing to be true and correct.

DATED this 4rd Day of March, 2020.

_____
TIMOTHY J. GALLIGAN, ESQ.

*Timothy J. Galligan, Esq.*
State Bar of California #92174
*5 Borealis Way*
*Castle Rock, CO 80108*
*1 (650) 504-7788*
timothyjgalligan@yahoo.com

February 20, 2020

Dear Ladies/gentlemen,

I am an attorney licensed in the State of California and the father of a former resident of California who applied for and was accepted into the DVM program at Ross University School of Veterinary Medicine ("Ross") on St. Kitts in 2013.

The student had a documented anxiety disorder. We contend that in violation of its own disability policies and procedures as well as federal law, Ross refused to honor the written recommendation of his treating doctors for extended time and private space during examinations. He struggled initially, failed some classes but, then, successfully passed several before failing one class, resulting in dismissal.

The student asserts he was expelled for two reasons: 1) Non-accommodation of his disability by Ross; and 2) Retribution by Ross during the appeal process when he raised and documented mass cheating by other students who possessed a high percentage of repeated test questions and professor-approved answers prior to sitting for examinations obtained through shared student "test banks."

A timely lawsuit was filed in the United States District Court for the Northern District of Illinois in 2017.

A question has been raised as to whether the case should be litigated and tried in Chicago or another federal district court in the U.S. or on St. Kitts. If St. Kitts is the chosen venue, we would appreciate your kind answers to the following as soon as possible:

    1. Would your law firm be ready, willing and able to represent the student during discovery and for a court trial on St. Kitts?

    2. Is there a court to hear the matter on St. Kitts and, if so, could you explain process, limits or other practical issues informative to our venue decision?

    3. Given the fact that Ross is a substantial employer on the island, could you share thoughts as to the fairness of a trial and impartiality of jurors who might decide the case?

Thank you for your courtesies,

s/ TIMOTHY J. GALLIGAN, ESQ.

tjg/

# DeVry | Education Group

October 12, 2015

Timothy J. Galligan, Esq.
5 Borealis Way
Castle Rock, CO 80108

P: 303-660-8787
F: 650-504-7788

Dear Mr. Galligan,

Please consider this DeVry Education Group ("DVG"), acknowledgment of your concerns regarding Ross University School of Veterinarian Medicine ("RUSVM") student Peter Galligan. DVG takes student complaints very seriously. Thus, upon receipt of this complaint on October 5, 2015, DVG's Office of Ombudsman was engaged to speak with you and investigate your concerns. The Office of Ombudsman is the highest level of escalation for student concerns in the DVG Organization.

> The Family Educational Rights and Privacy Act (FERPA) (20 U.S.C. § 1232g; 34 CFR Part 99) is a Federal law that protects the privacy of student education records. The law applies to all schools that receive funds under an applicable program of the U.S. Department of Education. FERPA gives parents certain rights with respect to their children's education records. These rights transfer to the student when he or she reaches the age of 18 or attends a school beyond the high school level.[1]

DVG must respectfully withhold any response regarding Mr. Galligan at this time as he has not provided a Family Educational Right to Privacy Act ("FERPA") release for you or your law firm. Mr. Galligan has been contacted via email to advise him of the need for said form to continue communications with any attorney or law firm. Upon receipt of an executed FERPA document DVG can reopen the case and proceed with an investigation and response.

Sincerely,

Cindy Oakley
Senior Associate, Office of Ombudsman

---

[1] http://www2.ed.gov/policy/gen/guid/fpco/ferpa/index.html