**THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

PETER M. GALLIGAN,

         Plaintiff,

     v.

ROSS UNIVERSITY SCHOOL OF
MEDICINE SCHOOL OF VETERINARY
MEDICINE (ST. KITTS) LIMITED,

         Defendant.

Case No. 17-C-6310

Judge Joan H. Lefkow

## DEFENDANT'S ANSWER

Defendant Ross University School of Medicine School of Veterinary Medicine (St. Kitts) Ltd., by and through its attorneys and in accordance with the Court's statements on the record on July 15, 2020, files this answer to Plaintiff's Third Amended Complaint.

### I. STIPULATION REGARDING JURISDICTION AND VENUE

Although the Court ordinarily would not possess personal jurisdiction over Defendant in this matter, Defendant has voluntarily submitted to the Court's jurisdiction for this matter. Defendant further stipulates that, under 28 U.S.C. § 1332, the Court possesses subject matter jurisdiction over the sole remaining claim that survived Defendant's motions to dismiss. Although Defendant reserves its position that the Court should have granted its motion to dismiss on grounds of *forum non conveniens*, Defendant also stipulates that venue is otherwise appropriate under 28 U.S.C. § 1391(c)(3).

### II. GENERAL DENIAL

Subject to the stipulations in Section I, above, and as may hereafter be made, and pursuant to this Court's July 15, 2020, Order (Dkt. 103), Defendant denies each and every material

allegation in Plaintiff's Third Amended Complaint and each purported cause of action contained therein and further denies that Plaintiff has suffered or is entitled to any damages or relief in any amount or of any type whatsoever.

## III. ADDITIONAL DEFENSES

1.     Defendant alleges that each and every one of the purported causes of action in the Third Amended Complaint fails to state facts sufficient to constitute a cause of action against Defendant.

2.     Defendant denies that Plaintiff has been damaged in any way as a result of Defendant's acts.  The foregoing notwithstanding, Plaintiff's claim for damages should be reduced or barred to the extent Plaintiff mitigated or failed to reasonably attempt to mitigate his supposed damages.

3.     Plaintiff's claims, to the extent that they are based upon representations made outside the applicable student handbook, are barred by the parol evidence rule.

4.     Damages sustained by Plaintiff, if any, were not proximately caused by Defendant.

5.     Plaintiff is not entitled to an award of attorneys' fees even if he were to prevail in this matter.

Defendant reserves the right to amend this answer if additional defenses become available or apparent at a future date.

## III. CONCLUSION

WHEREFORE, Defendant prays (1) that Plaintiff take nothing by this suit, (2) that Defendant recover all costs incurred in the defense of Plaintiff's allegations and claims for relief, and (3) for such other relief, legal or equitable, to which it is justly entitled.

64958199v.1

DATED:  July 24, 2020                                    Respectfully submitted,


                                                         By: */s/ Rhandi C. Anderson*
                                                              One of the Attorneys for Defendants


Brian Stolzenbach
bstolzenbach@seyfarth.com
Rhandi C. Anderson
rhanderson@seyfarth.com
SEYFARTH SHAW, LLP
233 South Wacker Drive
Suite 8000
Chicago, Illinois 60606
(312) 460-8000
(312) 460-7000 (Facsimile)

64958199v.1

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that he filed a copy of the foregoing *DEFENDANT'S ANSWER* with the Court's CM/ECF system, on this 24th day of July, 2020, which will send electronic notification to the following parties of record:

> Michael W. Ford
> Law Offices of Michael W. Ford
> 4 Timberwood Lane
> Riverwoods, IL 60015
> (847) 948-7884
> mfordski@gmail.com

> Emil T. Bayko
> Porter Hedges LLP
> 1000 Main Street, 36th Floor
> Houston, TX  77002
> (713) 226-6608
> tbayko@porterhedges.com

> /s/ *Rhandi C. Anderson*
> Rhandi C. Anderson